PROCTOR *v.* GILSON.

By the conveyance of a house and stable with a small piece of land used as a back yard, but not cultivated, manure in the stable cellar, made by the horses of the grantor, who was a teamster, does not pass.

Proof that at the time of the conveyance it was agreed by parol that the manure should pass with the land, is not admissable.

*Trespass de bonis* for manure by Henry O. Proctor against Walter M. Gilson. The plaintiff conveyed to defendant by warranty deed

a lot of land in Nashua, on which was a house and stable. A small piece of the lot was not covered by the buildings, and was used as a back yard, and not cultivated. The plaintiff was a teamster, and kept horses in the stable upon hay and grain bought by him. At the time of the conveyance, the manure made by plaintiff's horses was in the stable cellar on the ground, not incorporated with the soil. While plaintiff was in possession of the lot after the conveyance, the manure was taken and removed by the defendant. The defendant offered to prove that during the negotiation for the sale of the lot, it was verbally agreed by the parties, that the manure should be sold with the lot to defendant; the whole price paid by defendant, being $2800 : that both parties always understood that the manure was sold with the lot, and that defendant sold the manure to one Hammond for a little over $60, and informed plaintiff of such sale before the manure was removed, and that plaintiff did not object. The court *pro forma* ruled that the evidence was competent, and plaintiff excepted, not admitting the facts, which defendant offered to prove. The court *pro forma* ruled that plaintiff was not entitled to recover the value of the manure, and plaintiff excepted. If the plaintiff is entitled to judgment, the damages are to be assessed by the clerk immediately after the law term at which this case is decided.

*A. W. Sawyer*, for the plaintiff.

I. The property conveyed was not agricultural. The manure was made as in livery stables, &c., from hay and grain purchased. The reason of the rule laid down in cases of the sale of a farm, *to promote good husbandry*, and as applicable to rural economy, does not require, that manure, made in stables from team horses, should pass as an incident to the land. This manure was not incorporated with the soil, and was made not in the ordinary course of husbandry, but was made out of the ordinary course of carrying on a farm—and while there is good reason for holding, that in the sale of a farm " good policy and good husbandry both require that all the manure that is made upon a farm should be used upon it," there is no good reason for holding, that manure made in stables, unconnected with any farm, from team horses consuming hay and grain purchased off from the premises, should pass as an incident any more than that ashes, vegetables, hay or grain in and about the premises pass as an incident.

II. In the case of *Conner* v. *Coffin*, 2 N. H. 543, the court say, " it is not suggested that this manure was made out of the ordinary course of carrying on the farm," and in *Beckley* v. *Newcomb*, 4 Foster 358, Judge Bell says, " the rights of the parties were rather like those of the lessor and lessee of livery stables, or the like, than those of farming tenants," and it was held, that a lessor has no claim to manure made in buildings unconnected with agricultural property, or out of the course of husbandry. In *Plummer* v. *Plummer*, 10 Foster 569, the court say, " this rule does not of course apply to

manure made in livery stables or in buildings unconnected with agricultural property and out of the couse of husbandry." In *Perry* v. *Carr*, 44 N. H. 120, the court say, "the rule here adopted is not considered as applying to manure made in a livery stable or in any manner not connected with agriculture." In *Sawyer* v. *Twiss*, 6 Foster 347, Judge Bell says, "in *Needham* v. *Ellison*, it was held that the rule would be different as to manure made in stables and otherwise, not in the course of husbandry," 349 page says, "manure made upon a farm in the ordinary course of husbandry, is a part of real estate," &c. In *Daniels* v. *Pond*, 21 Pick. 372, the court say, "the rule here adopted will not be considered as applying to manure made in livery stables or in any manner not connected with agriculture or in the course of husbandry." In *Lassell* v. *Reed*, 6 Greenleaf 225 side page or 193 page, "we do not mean to be understood, by this opinion as extending the principles on which it is founded to the case of tenants of livery stables in towns, and perhaps some other estate, having no connection with the pursuits of agriculture—other principles may be applicable in such circumstances." Washburne on real property, 1 Vol. 5 page, sec. 15, limits the doctrine in the same way, to sale of farm. Manure made upon a farm in the *ordinary manner from the consumption of its products* is regarded in this country as belonging to the reality.

III. Manure made in a stable, from team horses, from hay and grain purchased, and not made in the ordinary course of carrying on a farm, but made in buildings unconnected with agricultural property, and out of the course of husbandry and which manure is not incorporated with the soil is personal property, like ashes, hay, grain or straw and does pass by a deed of the lot of land, &c.    1 Williams Ex. 615; 2 East, 154; 3 N. H. 485; 17 N. H. 282; 6 Foster 347; *Buckman* v. *Outwater*, 4 Dutch (N. J.,) 581; manure does not pass by deed; 4 Foster 355; 10 Foster 567.

IV. If the manure passed by a sale of the lot of land, then parol evidence was inadmissable to vary or control the terms of a written contract. *Conner* v. *Coffin*, 2 Foster 543.

If as plaintiff contends, that this manure, made under the circumstances disclosed, was personal property, then the question arises whether the evidence offered by defendant is competent. It is immaterial in this case how the court settle that question, inasmuch as plaintiff during the negotiations claimed the manure and forbid defendant meddling with same.

*Fasset,* for defendant.

1. The property was distinctly mentioned as an additional inducement by the plaintiff, to the defendant as an item to be included in the sale when the contract was made and was so treated by the plaintiff until after the sale of the manure by the defendant to one Hammand, May 16th, 1869,

2. Deed was delivered April 27th, 1869, and possession given ; as

plaintiff remained as tenant of defendant through a written instrument signed by the defendant, and not by any reserved right in the deed.

3. Manure, like ripe and unharvested grain, and ripe ungathered fruit, passes by a deed of the lot of land as incident thereto, where no reserve is made, 2 Foster, 543, and 3 N. H. 507.

BELLOWS, C. J.    The manure was not made in the usual course of husbandry, but in a stable unconnected with any farm; and was, therefore, not a part of the real estate, and did not pass by the deed. It is substantially like the case of manure made in a livery stable, and, then, as it is well settled in New Hampshire, it is not part of the land. *Needham* v. *Allison*, 24 N. H. 355; *Sawyer* v. *Twiss*, 26 N. H. 349; *Plumer* v. *Plumer*, 30 N. H. 558; *Perry* v. *Carr*, 44 N. H. 118.

The reasons given for holding that manure made in the ordinary course of husbandry goes with the farm, exclude the idea that when made out of the ordinary course of husbandry, it is a part of the realty. The doctrine that manure made out of the ordinary course of husbandry is not part of the realty, is fully sustained in *Hill* v. *DeRochemont*, Rockingham County, June, 1868; and *Cony* v. *Bishop*, Grafton County, July, 1868.

The remaining question is, whether evidence of a parol agreement at the time of the sale, that the manure should go with the lot, was admissible.

It is too clear to admit of any doubt that parol evidence could not be received to vary the terms of the deed. The situation of the subject-matter of the conveyance, may, indeed, be shown by parol, to aid in the construction of the instrument; but evidence that it was verbally agreed that certain things should, or should not, be included in the conveyance, would not be admissible.

In *Connor* v. *Coffin*, 2 N. H. 538, where there was a conveyance of a farm with manure upon it, made in the ordinary course of husbandry, it was decided that evidence of a parol reservation of the manure, either at the making of the bargain or afterwards, was inadmissible to affect the conveyance; and so held in respect to a parol reservation of a fixture; *Noble* v. *Bosworth*, 19 Pick 314; and the same principle must be applied to the proof that certain things were, by the agreement, to be included.

As a general rule, all the negotiations must be regarded as merged and embodied in the written instrument as the final and authoritative expression of the agreement of the parties; *Noble* v. *Bosworth*, before cited; Greenl. Ev. § 275 & 281; in *Howe* v. *Walker*, 4 Gray, 318, where defendant made a deed to plaintiff with a covenant to warrant and defend against all lawful claims and demands under him; it was held that plaintiff could not prove that defendant by parol at the same time, and for the same consideration, agreed to pay off a mortgage of the same land created by another person.

If, during the negotiations for the sale of the land, a *separate*

agreement by parol had been made for the sale of the manure as personal property, not intended to be reduced to writing, or included in the written instrument; it would have been valid, unless in consequence of the value, a memorandum in writing was necessary by the statute of frauds, as would seem to be the case here. We do not understand, however, that .the offer was to prove such a separate contract of sale, but that the manure should be sold with the lot, and for the same consideration.

Under those circumstances, we think, the deed must be regarded as embodying all the stipulations between the parties upon the subject, and, therefore, the exceptions are sustained; and, according to the provisions of the case, there is to be judgment for plaintiff for the value of the manure to be determined by the clerk.